UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| 3M Company,<br><br>               Plaintiff,<br>vs.<br><br>Maggie's World of Wheels, LLC, d/b/a 3M Auto Sales & Service, LLC,<br><br>               Defendant. | **COMPLAINT FOR BREACH OF CONTRACT, TRADEMARK INFRINGEMENT AND DILUTION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**<br><br>**JURY DEMANDED** |

Plaintiff, by its attorneys Schoeman Updike Kaufman & Stern LLP and Pirkey Barber PLLC, as and for its complaint against the defendant, alleges as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is an action for breach of contract under Connecticut common law; trademark infringement, unfair competition and dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); unfair competition under the Connecticut Unfair Trade Practices Act; trademark dilution under Connecticut General Statutes § 35-11i; and trademark infringement and unjust enrichment under Connecticut common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; pursuant to chapter 85 of the judiciary and judicial procedure code, 28 U.S.C. §§ 1331 and 1338; and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## PARTIES

4. 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

5. Defendant Maggie's World of Wheels, LLC is a Connecticut limited liability company, with an address at 119 North Main Street, Norwich, CT 06360. Defendant was formerly named 3M Auto Sales & Services, LLC, and is still doing business under that name.

## FACTS

### A. 3M'S BUSINESS AND TRADEMARKS

6. 3M owns the mark and trade name 3M (the "3M Mark"). 3M commenced use of the 3M Mark in commerce which may lawfully be regulated by Congress over a century ago. Since that time, 3M has continuously used the 3M Mark in commerce.

7. 3M is one of the world's most diversified companies. Over the years, 3M has expanded its use of the 3M Mark and presently offers thousands of products and services in a wide variety of fields under the 3M Mark.

8. 3M offers a vast array of products for the automotive sector, and has a long history in the automotive industry. For example, in 1915, 3M revolutionized the process of automotive surface preparation when it introduced its 3M Wetordry abrasive. In 1926, 3M invented masking tape specifically to enable automotive paint shops to achieve razor-sharp separations in two-tone paint jobs. 3M supplies the automotive industry with a vast array of products, and distributes its products globally. 3M operates manufacturing plants and automotive innovation centers around the world.

9. 3M promotes its automotive-related products in a number of ways, including on its websites solutions.3m.com/wps/portal/en_US/3M/Automotive, 3Mauto.com, and 3Mcollision.com.

The 3M Mark appears prominently on these websites and on the packaging and labeling of such products.

10. 3M is also involved in the automotive industry through its affiliation with the National Association for Stock Car Racing, Inc. ("NASCAR"). For many years, 3M has been the sponsor of the No. 16 car in the NASCAR racing circuit. The 3M Mark has been displayed prominently on the No. 16 car and used extensively in connection with 3M's NASCAR-related activities and promotions.

11. Over the years, 3M has also operated through a large number of other names, divisions, and related entities bearing the 3M Mark, such as 3M Automotive Industry Center.

12. 3M has developed an enormous amount of goodwill in its 3M Mark and has established an excellent business reputation. The 3M Mark is extremely well-known and respected by consumers. The 3M Mark represents products indicative of 3M's commitment to providing high-quality, innovative products and services to consumers.

13. The 3M Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

14. As a result of its long use and promotion, the 3M Mark has become distinctive to designate 3M, to distinguish 3M and its products and services from those of other businesses, and to distinguish the source or origin of 3M's products and services. As a result of these efforts, the consuming public in Connecticut and throughout the United States widely recognizes and associates the 3M Mark with 3M and its diverse offering of products and services.

15. The 3M Mark is famous throughout the United States, including in Connecticut, and is highly distinctive.

16. The 3M Mark became famous throughout the United States, including in Connecticut, before Defendant commenced use of its mark.

17. The 3M Mark is widely recognized by the general consuming public of the United States as a designation of source of 3M's goods and services.

18. The 3M Mark is well-known to those in the automotive industry.

19. As a result of 3M's long use and promotion of the 3M Mark in Connecticut and elsewhere, 3M has acquired valuable common law rights in the 3M Mark.

20. In accordance with federal law, 3M has registered the 3M Mark on the Principal Register of the United States Patent and Trademark Office. 3M now owns hundreds of U.S. registrations for the 3M Mark for numerous products and services. *See, e.g.*, U.S. Reg. Nos. 1214547, 1270473, 1363965, 1410228, 1599607, 1729347, 1959106, 1959107, 1959108, 1959109, 2072005, 2103462. These registrations are valid and subsisting, and a number are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations are attached hereto as Exhibit A.

**B. DEFENDANT'S INFRINGING ACTIVITIES**

21. Upon information and belief, Defendant offers products and services in connection with the automotive industry, including selling automobiles. For example, on a Facebook page operated by Defendant or an affiliated person or entity at https://www.facebook.com/pages/3M-Auto-Sales-Service-LLC/131010540438685?sk=info&tab=overview, the description states "USED CAR SALES, SERVICE, BODY WORK…." Print-outs of portions of this page are attached hereto as Exhibit B. Defendant also previously operated a website using the domain name 3MAUTOLLC.NET (copy attached as Exhibit C).

22. Defendant promotes its products and services under the name and mark "3M Auto Sales & Service" (the "3M Auto Mark"). The 3M Auto Mark is prominently displayed at least on Defendant's signage and Facebook page (as shown below).

- 5 -





23.     Defendant is using the 3M Auto Mark in commerce.

24.     Defendant is not affiliated with or sponsored by 3M and has not been authorized by 3M to use the 3M Mark, or any confusingly similar mark.

25.     3M has an existing settlement agreement with Defendant dated February 22, 2011 in which Defendant agreed, among other things, to change its business name (3M Auto Sales & Service, LLC) within 30 days and thereafter not use or register any trademark, service mark, trade name, company name, domain name, or URL that incorporates "3M" or is otherwise confusingly similar to the 3M mark. 3M paid Defendant $2500 as compensation for changing its name to Maggie's World of Wheels as part of the settlement agreement. Defendant was also required under the terms of the agreement to change all signage that displays the 3M Mark. A copy of this agreement is attached as Exhibit D.

26. Despite the existence of this settlement agreement, Defendant continues to use the 3M Auto Mark.

27. 3M has notified Defendant of its rights, and has attempted to resolve this dispute with Defendant prior to filing this lawsuit. Defendant has ignored 3M's attempts to resolve this matter amicably, and has continued using the 3M Auto Mark.

### C.     EFFECT OF DEFENDANT'S ACTIVITIES

28. Defendant's unauthorized use of the 3M Auto Mark violates the terms of the settlement agreement between 3M and Defendant.

29. Defendant's unauthorized use of the 3M Auto Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with 3M, or as to the origin, sponsorship, or approval of Defendant's products and services by 3M.

30. Defendant's unauthorized use of the 3M Auto Mark falsely designates the origin of its products, and falsely and misleadingly describes and represents facts with respect to Defendant and its products and services.

31. Defendant's unauthorized use of the 3M Auto Mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for its products and services not solely on its own merits, but on the reputation and goodwill of 3M, its 3M Mark, and its products and services.

32. Defendant's unauthorized use of the 3M Auto Mark is likely to cause dilution by blurring and by tarnishment of 3M's famous 3M Mark.

33. Defendant's unauthorized use of the 3M Auto Mark unjustly enriches Defendant at 3M's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from 3M by taking undue advantage of 3M and its goodwill. Specifically, Defendant has

taken undue advantage of 3M by trading on and profiting from the goodwill in the 3M Mark developed and owned by 3M, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

34. Defendant's unauthorized use of the 3M Auto Mark removes from 3M the ability to control the nature and quality of products and services associated with the 3M Mark, and places the valuable reputation and goodwill of 3M in the hands of Defendant, over whom 3M has no control.

35. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

## COUNT I: BREACH OF CONTRACT

36. 3M repeats the allegations above as if fully set forth herein.

37. The acts of Defendant complained of herein constitute a breach of the contract between 3M and Defendant under Connecticut common law.

## COUNT II: FEDERAL TRADEMARK INFRINGEMENT

38. 3M repeats the allegations above as if fully set forth herein.

39. The acts of Defendant complained of herein constitute infringement of the federally registered 3M Mark in violation of 15 U.S.C. § 1114(1).

40. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of 3M's rights in the 3M Mark, and with intent to cause confusion and to trade on 3M's vast goodwill in the 3M Mark. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT III: FEDERAL UNFAIR COMPETITION

41. 3M repeats the allegations above as if fully set forth herein.

42. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT IV: FEDERAL DILUTION

43. 3M repeats the allegations above as if fully set forth herein.

44. The acts of Defendant complained of herein are likely to cause dilution by blurring and/or tarnishment of the famous 3M Mark in violation of 15 U.S.C. § 1125(c).

45. Defendant willfully intended to trade on the recognition of the famous 3M Mark.

### COUNT V: UNFAIR COMPETITION UNDER CONNECTICUT LAW

46. 3M repeats the allegations above as if fully set forth herein.

47. The acts of Defendant complained of herein offend public policy in that they violate common law, statutory and other established concepts of unfairness, are immoral, oppressive and unscrupulous, and will cause substantial injury to consumers and 3M.

48. The acts of Defendant complained of herein constitute unfair competition in violation of the Connecticut Unfair Trade Practices Act.

### COUNT VI: DILUTION UNDER CONNECTICUT LAW

49. 3M repeats the allegations above as if fully set forth herein.

50. The acts of Defendant complained of herein constitute dilution of the 3M Mark in violation of Connecticut General Statutes § 35-11i.

51. Defendant willfully intended to trade on the recognition of the famous 3M Mark.

### COUNT VII: COMMON LAW TRADEMARK INFRINGEMENT

52. 3M repeats the allegations above as if fully set forth herein.

53. The acts of Defendant complained of herein constitute trademark and trade name

infringement in violation of the common law of the State of Connecticut.

## COUNT VIII: UNJUST ENRICHMENT

54. 3M repeats the allegations above as if fully set forth herein.

55. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of 3M.

## DEMAND FOR RELIEF

**WHEREFORE,** 3M demands that:

(a) Defendant, its members, officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the marks and/or names "3M," "3M Auto," "3M Auto Sales & Service," and any other mark, trade name, fictitious business name, company name, domain name, or designation that is confusingly similar to or likely to cause dilution of the 3M Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b) Defendant be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(c) 3M recover all damages it has sustained as a result of Defendant's activities and that said damages be trebled;

(d) An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(e) 3M recover its reasonable attorneys' fees;

      (f)      3M recover its costs of this action and prejudgment and post-judgment interest; and

      (g)      3M recover such other relief as the Court may deem appropriate.

### JURY DEMAND

3M demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED: January 26, 2015

Respectfully submitted,

By: /s/ Beth L. Kaufman
Beth L. Kaufman
Nancy J. Mertzel
Schoeman Updike Kaufman & Stern LLP
551 Fifth Avenue
New York, NY  10176
(212) 661-5030

ATTORNEYS FOR PLAINTIFF
3M COMPANY

Of Counsel:
William G. Barber
Wendy C. Larson
Pirkey Barber PLLC
600 Congress Avenue, Suite 2120
Austin, Texas 78701
(512) 322-5200